## [No. 4061.]

### KASSLER v. KYLE, ASSIGNEE OF THE BANK OF MONTROSE.

1.  CORPORATIONS—BANKS—REDUCTION OF CAPITAL STOCK—DISTRI-
BUTION OF ASSETTS.

The fact that the capital stock of a bank is reduced does not of itself authorize a distribution of the assets of the bank in any form among the stockholders in a sum equal to the difference between the original and the reduced amount of capital.  Such a distribution would be limited to the extent that there would still be left with the bank, assets equal in value to the par value of its capital stock, as reduced, after the liabilities were discharged.

2.  SAME—BURDEN OF PROOF.

Where a bank reduced the amount of its capital stock and issued in lieu thereof to its stockholders one half the amount of the original stock in new stock and the other half in certificates of deposit and shortly thereafter made an assignment for the benefit of creditors, the burden was on one claiming under such certificate of deposit to show that the distribution made of the assets in lieu of the reduced stock was such as could legally be made.

3.  CORPORATIONS—BANKS—REDUCTION OF CAPITAL STOCK—PURCHASE
BY BANK OF ITS CAPITAL STOCK.

Where a bank reduced its capital stock one half and distributed assets of the bank amongst the stockholders equal to one half the par value of the original stock, such a transaction was in effect a sale of one half of the capital stock of the bank to itself which is prohibited by law except in specified instances, and its agreement to pay for such stock is therefore in violation of its charter powers and cannot be enforced to the detriment of the rights of general creditors.

4.  SAME—INNOCENT PURCHASER.

Where a party who held bank stock as collateral security was

notified by the owner of the stock that the bank was reducing its stock and at the request of such owner he returned the original stock and received in lieu thereof one half the amount in new stock and the other half in deposit certificates he was not an innocent purchaser of such certificates.

5. ASSIGNMENT FOR BENEFIT OF CREDITORS—DUTIES OF ASSIGNEE – EXCEPTION TO CLAIMS.

It is the duty of an assignee for the benefit of creditors to ascertain whether a claim presented for payment is legal and he is a proper party to file exceptions to an illegal claim.

*Error to the District Court of Montrose County.*

This action was commenced in the court below by plaintiff filing a claim against defendant, as assignee of the Bank of Montrose. The court rendered judgment to the effect that his claim should not be paid until the claims of the regular creditors of the bank were satisfied. From this judgment he brings the case here for review on error. The following are the material facts:

The bank was originally capitalized for one hundred thousand dollars. In January, 1897, the stockholders of the bank undertook to reduce its capital stock one-half. To effect this object they adopted a resolution which provided, in substance, that the articles of incorporation in relation to capital stock should be amended so that the capital would be one-half of the original amount, and left it to the option of the president and cashier as to whether they should issue long-time certificates of deposit, in lieu of the stock surrendered in pursuance of the reduction, or deliver to the different stockholders notes held by the bank for such stock, or both; and further provided, that as to certain stockholders, certain specific notes held by the bank should be taken in lieu of such stock. Mr. McClure, the president of the bank, was personally indebted to the plaintiff, and had deposited with him, among other collaterals, seven thousand dollars of the bank stock. After the above action of the shareholders, McClure notified plaintiff that the bank was reducing its stock, and

requested him to turn in that which he held as collateral, in return for which one half in new stock, and one half in certificates of deposit would be issued.  The exchange was made in April, 1897, the new stock and certificates of deposits being issued to McClure, who assigned and delivered them to plaintiff.  A few months later the bank assigned for the benefit of its creditors, with assets insufficient to discharge the liabilities.  The certificates of deposit delivered to plaintiff by McClure are the ones upon which he bases his claim.

Mr. HENRY C. ALLEN for plaintiff in error.

Mr. S. S. SHERMAN and Mr. JOHN GRAY for defendant in errror.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Conceding that the capital stock of the bank was legally reduced, such action did not of itself authorize a distribution of the assets of the bank in any form among the stockholders in a sum equal to the difference between the original and the reduced amount of capital.  Such a distribution would be limited to the extent that there would still be left with the bank, assets equal in value to the reduced capital stock.  1 Cook's Stockholders, sec., 289; *Strong v. Brooklyn R. Co.,* 93 N. Y., 426; *McCann v. First Nat'l Bank,* 14 N. E. Rep., 251.  That would be, assets equal in value to the par value of its capital stock, as reduced, after its liabilities were discharged.  It was incumbent, therefore, upon the plaintiff to show that the assets which the officers of the bank, in pursuance of the resolution of the stockholders, undertook to distribute, and which are represented in part by the certificates of deposit upon which plaintiff bases his right of action, were of the character which they could legally distribute—*McCann v. Bank, supra.*  He not only failed to do this, but the testimony introduced on behalf of defendant clearly establishes

that at the time the capital stock of the bank was reduced and the distribution of assets made to the stockholders, the bank was hopelessly insolvent, and there was therefore, no surplus to distribute among the shareholders.

Again, conceding that the stock of the bank was regularly reduced, the action of the stockholders in directing the officers to distribute assets among the stockholders equal to one-half the par value of the original stock, cannot be upheld. The consummation of that transaction was, in effect, a sale of one-half of the capital stock of the bank to itself. This the statutes of the state expressly prohibit, except in specific instances—Sec. 510 Mills Ann. Stats. Its agreement, therefore, to pay plaintiff the sum represented by the certificates of deposit was in violation of its charter powers—7 Enc. Law, 2nd ed., 819—and cannot be enforced to the detriment of the rights of general creditors. Independent of statute, except in the instances thereby expressly permitted, banking corporation are inhibited from purchasing their own stock. To the holders of bank stock, certain liabilities attach in favor of general creditors—*Zang v. Wygant*, 25 Colo., 551; Sec. 533 Mills Ann. Stats. If a bank may purchase its own stock, this liability can be avoided, its capital depleted, and there would be no security to the depositors except in the bank itself. *German Savings Bank v. Wulfekuhler*, 19 Kan., 60.

Plaintiff is not in a position to invoke protection upon the ground that he is an innocent holder of the certificates in question for value. He surrendered the original stock, knowing that in lieu thereof he would receive one-half in new stock and one half in certificates of deposit, so that when he received the latter, he knew the purpose and the consideration for which they were issued.

Under the law it is the duty of the assignee to ascertain whether a claim presented for payment is legal. His failure to do so would render him liable to those injured by a neglect of duty in this respect. He was, therefore, the proper party to file

the exceptions in this case. Burrill on Assignments, 6th ed., sec., 384. The judgment of the district court is affirmed.

*Affirmed.*